UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GANNON, as Next Friend for W.G., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:07CV01845 RWS ) |
| YAMAHA MOTOR CORP., U.S.A., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees and Costs [#14]. Defendants seek to strike the passages from Plaintiff's prayers for relief under Counts I, II, III, and IV of his Complaint seeking "his attorneys' fees and costs incurred herein."

## Background

Plaintiff William Gannon filed his Complaint as next friend for minor W.G. in this Court under diversity jurisdiction. The Complaint sets forth a products liability action alleging personal injury to minor plaintiff W.G. from a Yamaha Rhino. Specifically, Gannon brought suit alleging negligent design and/or manufacture, negligent failure to warn, and strict liability for defective product and failure to warn. The prayers for relief in Gannon's Complaint, located in Count I, II, III, and IV seek "his attorneys' fees and costs occurred herein."

## Legal Standard

Federal Rule of Civil Procedure 12(f) states that, "upon motion made by a party before responding to a pleading ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." The court is afforded broad discretion in ruling on a motion to strike. Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op., 278 F.3d 742, 748 (8th Cir. 2001). A motion to strike "should be granted if it 'may have the effect of making the trial of the action less complicated, or [it] may have the effect of otherwise streamlining the ultimate resolution of the action.'" U.S. v. Dico, Inc., 189 F.R.D. 536 (S.D. Iowa 1999) (quoting Kelley v. Thomas Solvent Co., 714 F. Supp. 1439, 1442 (W.D. Mich. 1989)).

**Analysis**

In federal court diversity actions, the federal courts apply state law concerning the availability of attorneys' fees. As the Supreme Court has explicitly stated:

> A very different situation is presented when a federal court sits in a diversity case. "In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." 6 J. Moore, Federal Practice P 54.77(2), pp. 1712-1713 (2d ed. 1974).

Alyeska Pipeline Service v. Wilderness Society, 421 U.S. 240, 259 n. 31, 95 S. Ct. 1612, 1622 n. 31, 44 L. Ed. 2d 141 (1975).

Both parties note that Missouri follows the "American Rule" of attorneys' fees, where each party typically pays its own attorneys' fees. Ranken v. Boykins, 816 S.W.2d 189, 193 (Mo. 1991). Missouri also provides an exception to the American Rule, allowing recovery of attorneys' fees in "very unusual circumstances" or "the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation." Johnson v. Mercantile Trust Co. National Ass'n, 510 S.W.2d 33, 40 (Mo. 1974). Collateral litigation requires a suit involving an outside third party, which has not occurred here. Reed v. Reed, 10 S.W.3d 173, 182 (Mo.App. W.D. 1999). Plaintiff instead relies on the "very unusual circumstances" exception.

Under Missouri law, "very unusual circumstances" require "an unusual type of case or unusually complicated litigation." In the Matter of Morrison, 987 S.W.2d 475, 478 (Mo. App. S.D. 1999) (citing Fisher v. Fisher, 874 S.W.2d 543, 546 (Mo. App. W.D. 1994)). This exception has been confined to "very limited fact situations." Id. (citing DCW Enterprises v. Terre du Lac Ass'n, 953 S.W.2d 127, 132 (Mo.App. E.D. 1997)).

In Morrison, the Court refused to award attorneys' fees in a guardianship dispute where the party seeking fees alleged that the other party engaged in "misconduct and self-dealing." Morrison, 987 S.W.2d at 478. The Court held that the alleged misconduct and self-dealing did *not* qualify as unusual circumstances." Id.

In Fisher, the Court refused to award attorneys' fees in a land dispute where plaintiffs sought injunctive relief. Fisher, 874 S.W.2d at 546. Plaintiffs alleged that the defendants disregarded a restrictive covenant in spite of legal and actual notice. Id. The Court held that the action was neither complicated nor unusual and did not warrant an award of attorneys' fees. Id.

In DCW Enterprises, the Court denied attorneys' fees in a declaratory judgment action interpreting a property owner's association's bylaws. DCW Enterprises, 953 S.W.2d at 133. Plaintiff argued that the action was complicated and unusual, and therefore an award of attorneys' fees was warranted. Id. at 32. The Court disagreed, and noted that "very unusual circumstances" had generally been limited in Missouri to cases involving trusts and estates or cases where a litigant had successfully created, increased, or preserved a fund in which non-litigants were entitled to share. Id.

Attorneys' fees were awarded in In re the Estate of Murray, 682 S.W.2d 857 (Mo.App. W.D. 1984). Murray involved an action for accounting from and removal of a personal representative following an estate remaining open for twenty-six years, administration of the

3

business by the executor without court approval, and an apparent loss or dissipation of estate assets. Id. at 859. The Court held that these were "very unusual circumstances" sufficient for an award of attorneys' fees.

I find that neither an unusual type of case nor an unusually complicated litigation are involved here. Plaintiff argues that discovery will likely reveal (1) numerous, prior incidences involving the Rhino and actual knowledge of the vehicle's roll over danger; (2) that Defendants failed to conduct any testing on whether a rider would be adequately protected in the event of a roll over; and (3) that Rhino was recalled after plaintiff's injury. Plaintiff argues that these facts, if developed, constitute a basis for the "unusual circumstances" exception. This case is a products liability and personal injury case in which there is no evidence of the "very unusual circumstances" the Missouri Courts have used to permit claims for attorneys' fees.

Given the Missouri Courts precedent to restrict the Missouri exception to the American Rule, I will grant Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees and Costs [#14].

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees and Costs [#14] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2008.